PENNSYLVANIA R. Co. and others *v.* ALLEGHENY VALLEY R. Co. and others.

*(Circuit Court, W. D. Pennsylvania. March 17, 1885.)*

1 WITNESSES—EXAMINATION OF PARTY TO SUIT—STATE STATUTE.

The Pennsylvania statute providing for the examination of a party to a suit, when called by his adversary, as if under cross-examination, is not applicable to a suit in equity in a United States court.

2. REMOVAL OF CAUSE—COLLUSION.

If a party, by virtue of his citizenship and *bona fide* ownership of bonds prior to the commencement of litigation, and before it was contemplated, had the right to sue in the circuit court, or to intervene in a suit in a state court and remove the cause to the circuit court, his intervention in such pending suit, with a view to its removal, is not collusive, although there may have been an understanding between him and resident bondholders that he should pursue this course, and that they would co-operate with him in the litigation, and participate in and contribute to the expenses of the legal proceedings.

In Equity. *Sur* exceptions to rule for commission to examine E. W. Ross, and to interrogatories.

*George Shiras, Jr.,* for exceptions.

*J. F. Slagle, contra.*

ACHESON, J. 1. I think the plaintiffs have a right to sue out the proposed commission, and the first exception is overruled.

2. Section 858, Rev. St., embodies legislation found in the acts of July 16, 1862, (12 St. at Large, 588,) July 2, 1864, (13 St. at Large, 351,) and March 3, 1865, (13 St. at Large, 533.) This legislation, which was all prior to the Pennsylvania statutes upon which the plaintiffs rely for their right to examine Mr. Ross as if under cross-examination, covers the whole subject of the examination of the parties to a suit. And as suits in equity are not within section 721, making the laws of the states rules of decision in the courts of the United States, or section 914, conforming the practice, etc., therein to the state practice, etc., it follows that the Pennsylvania statutes are not applicable here. The second exception is therefore sustained.

3. In so far as the interrogatories numbered 5, 6, 7, 12, and 13 seek to elicit confidential communications passing between Mr. Ross and his counsel, the objection thereto on that ground is, I think, well founded.

4. But the interrogatories from number 5 to 15, inclusive, are objected to as irrelevant and incompetent. They certainly take a very wide range, and, it does seem to me, relate to immaterial matters. They proceed upon the theory that, notwithstanding Mr. Ross may have been the *bona fide* holder and owner of income bonds aggregating $3,200 at the time this suit was commenced, and may have acquired them long before the litigation began or was thought of, he yet could not intervene and remove the cause into the circuit court of the United States if there was a prior understanding between him and resident bondholders that he should pursue this course, and that

they would co-operate with him in the litigation and participate in and contribute to the expenses of the legal proceedings. To this view I cannot assent. I perceive nothing collusive or improper in such understanding, if it existed. The fourth exception is therefore sustained.

See Dravo v. Fabel, *infra.*